2006 WY 28

**In the Matter of TLJ, minor child:**

**CLH, Appellant (Petitioner),**

v.

**MMJ, Appellee (Respondent).**

No. C–05–7.

Supreme Court of Wyoming.

March 15, 2006.

Representing Appellant: Tammy A. Burt of Harris Law Firm, P.C., Evanston, Wyoming.

Representing Appellee: E. Dean Stout, Evanston, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] CLH (Father) filed a petition for modification of a custody order which granted MMJ (Mother) primary physical custody of their daughter, TLJ. The district court denied the petition. We affirm.

## ISSUES

[¶ 2] Father presents the following issues for our review:

I. Did the district court err as a matter of law when it determined that a "substantial and material change of circumstances" had not occurred?

II. Did the district court abuse its discretion in the manner in which it determined there was no substantial and material change of circumstances?

## BACKGROUND FACTS

[¶ 3] TLJ was born to Mother and Father on January 5, 2001. At the time of TLJ's birth, Mother was sixteen and Father was nineteen years of age. Mother and Father never married, and TLJ has been in the custody of Mother since birth. An action to establish paternity and child support was filed on April 18, 2001. Pursuant to the parties' stipulation, the district court entered an order on August 24, 2001, establishing paternity, custody, visitation and child support. The court awarded Mother primary physical custody of TLJ and granted Father visitation rights.

[¶ 4] Mother and Father lived together on and off in Wyoming and Utah until around July 2003, when Father moved out of the home after an argument with Mother. On November 20, 2003, Father filed a petition to have the original custody order modified so that he would have primary physical custody of TLJ. Father asserted that there had been a material change of circumstances and that it was in the best interest of TLJ to be in his physical custody.

[¶ 5] The district court held a hearing on March 15, 2005, during which it entertained testimony from the parties. The district

court denied Father's petition, concluding that a material change in circumstances had not been shown to warrant reopening the initial custody order. This appeal followed.

## STANDARD OF REVIEW

[¶ 6] Decisions pertaining to child custody are within the sound discretion of the district court and will not be disturbed on appeal absent procedural error or a clear abuse of discretion. *Selvey v. Selvey*, 2004 WY 166, ¶ 15, 102 P.3d 210, 214 (Wyo.2004). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily and capriciously." *Id.* (quoting *Fergusson v. Fergusson*, 2002 WY 66, ¶ 9, 45 P.3d 641, 644 (Wyo.2002)). In determining whether an abuse of discretion occurred, our core inquiry is the reasonableness of the district court's decision. *Selvey*, ¶ 15, 102 P.3d at 214 (citing *Metz v. Metz*, 2003 WY 3, ¶ 6, 61 P.3d 383, 385 (Wyo.2003)). We view the evidence in the light most favorable to the district court's determination, affording to the prevailing party every favorable inference and omitting from our consideration conflicting evidence. *Selvey*, ¶ 15, 102 P.3d at 214 (citing *GGV v. JLR*, 2002 WY 19, ¶ 14, 39 P.3d 1066, 1074 (Wyo.2002)).

## DISCUSSION

[¶ 7] Father seeks review of the district court's order denying his petition to modify the custody provision of the order generated from the initial paternity action. While Father presents two issues, the issues are interrelated. Therefore, for ease of analysis, we will combine Father's issues.

[¶ 8] Modification of a pre-existing custody order is controlled by Wyo. Stat. Ann. § 20–2–204(c) (LexisNexis 2005), which provides in pertinent part:

A court having jurisdiction may modify an order concerning the care, custody and visitation of the children if there is a showing by either parent of a material change in circumstances since the entry of the order in question and that the modification

would be in the best interests of the children pursuant to W.S. 20–2–201(a).

This Court has construed this provision to require a two-step approach to custody modification actions. *See KES v. CAT*, 2005 WY 29, ¶ 10, 107 P.3d 779, 782 (Wyo.2005); *Jackson v. Jackson*, 2004 WY 99, ¶ 8, 96 P.3d 21, 24 (Wyo.2004); *JRS v. GMS*, 2004 WY 60, ¶ 10, 90 P.3d 718, 723 (Wyo.2004); *Cobb v. Cobb*, 2 P.3d 578, 579–80 (Wyo.2000). The first step requires a showing that there has been "a material change in circumstances since the entry of the order in question." § 20–2–204(c). Because of the res judicata effect afforded custody orders, such a finding is a threshold requirement. *Hertzler v. Hertzler*, 908 P.2d 946, 949–50 (Wyo.1995). The district court does not properly acquire jurisdiction to reopen an existing custody order until there has been a showing of "a substantial or material change of circumstances which outweigh society's interest in applying the doctrine of res judicata" to a custody order. *Kreuter v. Kreuter*, 728 P.2d 1129, 1130 (Wyo.1986). *See generally Harshberger v. Harshberger*, 2005 WY 99, ¶¶ 12–13, 117 P.3d 1244, 1250–51 (Wyo.2005); *Watt v. Watt*, 971 P.2d 608, 613 (Wyo.1999); *Hertzler*, 908 P.2d at 949–50; *Gurney v. Gurney*, 899 P.2d 52, 54 (Wyo.1995). In short, unless the district court finds a material change in circumstances, it cannot proceed to the second step—determining whether a modification would be in the best interests of the child. In the instant case, the district court found that no material change in circumstances had been proven justifying reopening the prior custody determination and, as a matter of law, properly denied Father's petition without further consideration.

[¶ 9] In reading Father's appellate brief, it is obvious that Father fails to recognize the separation between the two steps. Father declares that the district court, in determining whether a change in circumstances existed, was required to consider the best interests of TLJ. Father specifically alleges that the district court was required to weigh the factors found in Wyo. Stat. Ann. § 20–2–201(a) (LexisNexis 2005). That provision sets forth factors to be considered in determining the best interests of a child in

an initial custody proceeding. However, it is only during the second step that § 20–2–204(c) requires consideration of the best interests of the child pursuant to § 20–2–201(a). A best interest analysis is not required, nor even necessarily appropriate, to the threshold determination as to whether a material change in circumstances has occurred. A best interest analysis allows for far broader judicial discretion than is warranted for a material change in circumstances analysis. Under the principles of res judicata, a court does not have the discretion to reopen a custody order simply because, looking at the best interests of the child, it believes it can make a better decision than was made in the prior custody order. If such were the case, then custody determinations would never have finality.

[¶ 10] A determination that circumstances have materially changed is governed instead by an evaluation of the current circumstances of the parties in relation to their circumstances at the time the prior custody order was entered. *See Jackson*, ¶¶ 8–12, 96 P.3d at 24–26; *Thompson v. Thompson*, 824 P.2d 557, 559 (Wyo.1992). While that evaluation may include certain factors that might also be relevant to an analysis of the best interests of the child, the ultimate determination is not driven by a child's best interests. Father's appellate argument is pervaded with references to the best interests of TLJ. Because Father's argument is premised on his failure to acknowledge the distinction between the analysis required under each step of the two-step process, we find it of minimal assistance in assessing the propriety of the district court's decision.[1]

[¶ 11] Sifting out the irrelevant *best interest* portion of Father's argument, Father's claim that circumstances have materially changed boils down to allegations that his circumstances have materially improved over Mother's, and that Mother has demonstrated she is not a fit and proper person to have primary physical custody of TLJ. As the party seeking to modify custody, Father

had the burden of proving a material change in circumstances since the entry of the original custody order. A district court's finding concerning a material change in circumstances is principally a factual determination to which we accord great deference. *Yates v. Yates*, 702 P.2d 1252, 1256–57 (Wyo.1985). Our task is to examine the record in the light most favorable to Mother to determine whether the district court could have reasonably concluded as it did. *Selvey*, ¶ 15, 102 P.3d at 214.

[¶ 12] On Father's side, the evidence shows that Father is currently living with his father and working full time as a health care worker at Mountain Regional Services in Evanston. Father has completed a six-week parenting class, obtained certification as an EMT and a nursing assistant and is currently pursuing a nursing degree at Western Wyoming Community College.

[¶ 13] On Mother's side, the evidence shows that Mother has settled in Tooele, Utah, where she has maintained the same residence since July of 2003. The evidence also shows that Mother has obtained a GED, a high school diploma, and has completed a computer class. She is enrolled in a program known as YES that has provided her with job training, job opportunities and assistance in furthering her education. Mother testified concerning her intentions to further her education by taking college classes and eventually obtaining a college degree. Mother has done volunteer work at a health care center and worked as a teacher's assistant at an elementary school. Mother loves TLJ and has a good relationship with her. Although Mother has refused Father visitation on a few isolated occasions, each motivated by concerns for the safety and well-being of TLJ, Father enjoys regular visitation as provided for in the original custody order.

[¶ 14] The district court concluded that "there has been a change in circumstances but it has been for the better for both of them." In its order, the district court found that

---

1. Besides confusing the issues, Father has also ignored our standard of review by arguing only the facts most favorable to him. In doing so, Father has gone so far as to ill-advisably misre-

present to this Court not only the facts but also the district court's ruling, thus further diminishing the value of his appellate brief.

both parties' positions have improved. The father has progressed further than the mother, but the mother has done well, especially when one considers her lack of education and the fact that she had to care for a young daughter. Both parents, commendably, have progressed beyond what existed at the time of the original decree, but not beyond what might reasonably have been contemplated. The father's change of circumstances has not moved him so far ahead of the mother so as to constitute a material and substantial change of circumstances which would warrant a modification.

After a thorough review of the argument presented on appeal and the record in this case, we find ample support for the district court's decision.

## CONCLUSION

[¶ 15] The district court did not abuse its discretion in denying Father's petition for change of custody. Considering the facts and circumstances presented in this case, the district court's decision was reasonable. Affirmed.