2007 WY 147

**Shawn M. HAYZLETT, Appellant (Plaintiff),**

v.

**Timothy L. HAYZLETT, Appellee (Defendant).**

No. S–07–0040.

Supreme Court of Wyoming.

Sept. 18, 2007.

Representing Appellant: Shawn M. Hayzlett Rice, pro se.

Representing Appellee: Richard Allen Erb, Jr., Richard A. Erb, Jr., P.C., Gillette, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶1]  Appellant, Shawn Hayzlett (Mother), challenges the district court's order modifying custody.  We affirm.

### ISSUE

[¶2]  Did the district court abuse its discretion when it modified the divorce decree

and awarded custody of the minor children to Father?

## FACTS

[¶ 3] At the outset, we note that the custody hearing relating to the order from which Mother now appeals was not reported. The record was settled pursuant to W.R.A.P. 3.03, though for reasons not explained by the parties, it was settled after they filed their appellate briefs. The settled record summarizes the hearing testimony of the only three witnesses: Mr. Hayzlett (Father), Mother, and Bill Rice.[1]

[¶ 4] Mother and Father were married in 1994 in Gillette, Wyoming. During the marriage, Father adopted Mother's two children, a son RH, born in 1989, and a daughter SH, born in 1993. The marriage produced two more daughters, AH, born in 1995, and DH, born in 1997. The parties divorced in November 2000. In the divorce decree, the district court awarded primary custody of all four children to Mother, subject to Father's visitation rights. At the time of the divorce, Father and Mother still lived in Gillette. Notwithstanding the decree's custody provisions, the parties agreed shortly after the divorce that RH would live with Father and he has resided with Father since that time.

[¶ 5] Between 2000 and 2005, Mother frequently left the daughters in her sister's care. Approximately three years before the December 2006 hearing, her sister's son sexually abused one of the daughters at the sister's home. Mother continued to leave the daughters in her sister's care, believing there was no longer any danger to them because her nephew no longer resided in the household. There was, however, a second incident of sexual abuse at the sister's home. This time the sister's husband was the offender. This incident occurred in February 2005, and the brother-in-law was prosecuted for his actions. The 2005 abuse incident was the impetus for Mother's July 2005 move to New Mexico, which in turn, precipitated the current custody dispute. The record shows that the two younger daughters moved to New

Mexico with Mother, but SH did not move with them. Instead, SH, who was 12 years old at the time, lived with Father through the summer and resumed school in Gillette in the fall.

[¶ 6] In October 2005, Father filed a petition seeking formal custody of RH and SH. He later amended the petition to include all four children. At trial, which took place in December 2006, Mother offered no objection to Father's petition for custody of RH. Mother did not deny that the two incidents of molestation occurred. Mother described SH as a "normal and relatively mature child." Mother conceded that SH had "expressed on a number of occasions her continuing desire to live with [Father]." It was undisputed that SH was doing well in school in Gillette. Both parents testified that the other parent had interfered with their relationships with the children. For example, Father testified that Mother had discouraged both telephone and personal contact, and blocked Father's efforts to obtain his two younger daughters' school records. Mother, in turn, testified that Father failed to cooperate when Mother tried to get the children back after Father's summer visitation. Mr. Rice's testimony generally supported Father's position. The district court determined that a material change in circumstances had occurred and also found that it was in the best interests of the children to award custody of the children to Father, subject to Mother's visitation rights. An Order Modifying Decree of Divorce was entered on January 23, 2007. Mother filed this timely appeal.

## STANDARD OF REVIEW

[¶ 7] We review a trial court's custody decisions for abuse of discretion. *Fergusson v. Fergusson*, 2002 WY 66, ¶ 9, 45 P.3d 641, 644 (Wyo.2002). We have said that "[j]udicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without

---

1. Mr. Rice and Mother began living together in July 2000. They lived together for approximately two years and then married. They separated in July 2005, and the record suggests that they divorced prior to the December 2006 custody hearing.

doing so arbitrarily or capriciously." *Ekberg v. Sharp*, 2003 WY 123, ¶ 9, 76 P.3d 1250, 1253 (Wyo.2003). If the record includes sufficient evidence to support the district court's exercise of discretion, we uphold its decision. *In re KJD*, 2002 WY 26, ¶ 21, 41 P.3d 522, 527 (Wyo.2002).

## DISCUSSION

[¶ 8] Mother insists that the district court's decision to award custody of the three daughters to Father was contrary to the evidence, though she does not take issue with RH's placement with Father. In particular, she claims that the facts considered in light of Wyo. Stat. Ann. § 20-2-201 support an award of custody to her, not to Father. In essence, she is asking us to reweigh the evidence considered by the trial court. This Court, however, does not reweigh evidence. *Hall v. Hall*, 2005 WY 166, ¶ 15, 125 P.3d 284, 289 (Wyo.2005). Instead, we view the facts in the light most favorable to the prevailing party. *Boyle v. Boyle*, 2006 WY 124, ¶ 10, 143 P.3d 368, 371 (Wyo.2006).

[¶ 9] Pursuant to Wyo. Stat. Ann. § 20-2-204(c), modification of child custody is a two-step process. *In re TLJ*, 2006 WY 28, ¶ 8, 129 P.3d 874, 876 (Wyo.2006). The first step involves a showing of "a material change in circumstances since the entry of the order in question." Wyo. Stat. Ann. § 20-2-204(c) (LexisNexis 2007); *TLJ*, ¶ 8, 129 P.3d at 876. The second step requires the court to determine whether a modification will be in the best interests of the children. *Id.*; Wyo. Stat. Ann. § 20-2-204(c). The district court must consider the following non-exclusive list of factors, detailed in Wyo. Stat. Ann. § 20-2-201(a) (LexisNexis 2007):

(i) The quality of the relationship each child has with each parent;

(ii) The ability of each parent to provide adequate care for each child throughout each period of responsibility, including arranging for each child's care by others as needed;

(iii) The relative competency and fitness of each parent;

(iv) Each parent's willingness to accept all responsibilities of parenting, including a willingness to accept care for each child at specified times and to relinquish care to the other parent at specified times;

(v) How the parents and each child can best maintain and strengthen a relationship with each other;

(vi) How the parents and each child interact and communicate with each other and how such interaction and communication may be improved;

(vii) The ability and willingness of each parent to allow the other to provide care without intrusion, respect the other parent's rights and responsibilities, including the right to privacy;

(viii) Geographic distance between the parents' residences;

(ix) The current physical and mental ability of each parent to care for each child;

(x) Any other factors the court deems necessary and relevant.

Additionally, the court must consider evidence of spousal or child abuse. Wyo. Stat. Ann. § 20-2-201(c). Under the tenth factor, we have allowed district courts to consider a broad range of circumstances depending on the particular facts of each case. Among these, we have expressed a preference "toward preservation of sibling relationships." *Aragon v. Aragon*, 2005 WY 5, ¶ 26, 104 P.3d 756, 764 (Wyo.2005).

[¶ 10] No single factor is determinative. "Depending on the case, different factors will present a greater need for emphasis.... The one constant ... is that the resolution must be in the best interests of the children in that particular family." *Pahl v. Pahl*, 2004 WY 40, ¶ 10, 87 P.3d 1250, 1254 (Wyo.2004). Furthermore, failure to explicitly comment on a statutory factor in the district court's opinion letter or order does not necessarily indicate that the court failed to consider that factor. *See Groenstein v. Groenstein*, 2005 WY 6, ¶ 16, 104 P.3d 765, 770 (Wyo.2005).

[¶ 11] Bringing these principles to bear on the current case, there is no serious

question that circumstances had changed from the time of the original divorce decree, and Mother does not appear to dispute that there was a material change in circumstances. At the time of the original decree, Mother was awarded custody of all four children. RH moved in with Father shortly thereafter. Two incidents of sexual molestation, involving the children, were committed by Mother's relatives while the children were in Mother's custody. When Mother moved to New Mexico in 2005, SH remained in Gillette. SH had resided with Father for over a year at the time of trial. As a result of Mother's move to New Mexico, the two younger daughters were separated from SH. These facts support the district court's determination that there was a material change in circumstances.

[¶ 12] The same facts that support a material change in circumstances are also factors supporting the district court's conclusions that the children's best interests are served by being in Father's custody. Additionally, the evidence indicated that Father is in a "very stable" marriage and lives in a four-bedroom home in a nice neighborhood in Gillette. He has a good job and his workplace is only a few miles from home. The district court noted that SH had improved her school performance since moving in with Father and was well-integrated socially in the school. The court also noted SH's clear preference toward being in her Father's custody and recognized that if SH were required to go to New Mexico with Mother, she would have to be socially integrated into a new school. Finally, the district court found that it would not be in the younger two children's best interests to be separated from the older two. In doing so, it properly weighed our preference "toward preservation of sibling relationships." *Aragon*, ¶ 26, 104 P.3d at 764.

[¶ 13] Of course, the record also contains evidence favorable to Mother. For example, she testified to living in a comfortable home in rural New Mexico, where she has a job and family support from her mother and aunt. Certainly reasonable minds could reach different conclusions about which parent's custody would be in the best inter-

ests of the children, but that is true in most divorce cases.

> Seldom if ever does a divorce court have a choice between a parent who is all good on one side and a parent who is all bad on the other side. The matter of awarding custody is a comparative proposition wherein the court exercises its best judgment and discretion and awards custody to one parent or to the other, according to what the court thinks is for the best interest and welfare of the children.

*Wilson v. Wilson*, 473 P.2d 595, 598 (Wyo. 1970). Because the record includes sufficient evidence to support the district court's decision, we can find no abuse of discretion in the district court's award of custody to Father.

[¶ 14] We next address Father's claim that we should impose sanctions on Mother because she did not cite the record in her brief, and her Notice of Appeal lacked the appendix required under W.R.A.P. 2.07(b). While we always require reasonable compliance with our procedural rules, "we afford *pro se* litigants some leniency from the stringent standards applied to formal pleadings drafted by attorneys." *Kinstler v. RTB South Greeley, Ltd.*, 2007 WY 98, ¶ 12, 160 P.3d 1125, 1128 (Wyo.2007). In our discretion, we have reached the merits in cases as long as we were still able to conduct a meaningful review. *See id.*, ¶ 12, 160 P.3d at 1128–29; *Dorsett v. Moore*, 2003 WY 7, ¶ 13, 61 P.3d 1221, 1224–25 (Wyo.2003). The deficiencies in Mother's brief and Notice of Appeal are not jurisdictional and do not preclude meaningful review. Furthermore, the late filing of the settled record does not appear to be the fault of either party. However, as a result of the late filing, neither brief includes citations to the settled record. Under the circumstances, we choose to exercise our discretion and decline Father's invitation to impose sanctions on Mother.

[¶ 15] Affirmed.