2008 WY 104

**JT, Appellant (Petitioner),**

v.

**KD, Appellee (Respondent).**

No. S–08–0002.

Supreme Court of Wyoming.

Sept. 3, 2008.

Representing Appellant: Rex O. Arney and Vincent P. Schutte of Brown, Drew & Massey, Sheridan, Wyoming.

Representing Appellee: Greg L. Goddard of Goddard, Wages & Vogel, Buffalo, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] After various agreements and orders concerning custody, JT (Mother) filed a petition to modify custody in which she sought primary custody of the parties' minor child. The district court awarded primary custody to KD (Father). Mother appeals claiming the district court abused its discretion when it awarded Father primary custody. She claims the decision is not supported by sufficient evidence or in the child's best interests.

[¶ 2] We affirm.

## ISSUE

[¶ 3] The issue for our determination is whether the district court abused its discretion when it awarded Father primary custody of the minor child.

## FACTS

[¶ 4] The proceedings in district court were not reported or transcribed. The following facts were taken from the district court's decision letter.

[¶ 5] The parties are the biological parents of a child born on August 2, 2001. At the time the child was born, the parties were unmarried and resided in Sheridan, Wyoming. Approximately one year after the child's birth, problems began to develop between the parties. In February of 2003, they separated and Father moved to California with the child.

[¶ 6] On March 27, 2003, Mother filed a petition in district court in Sheridan to declare paternity and for custody and child support. Father filed a special appearance and moved to dismiss the petition on the ground that the California courts had jurisdiction over the issues presented. After consulting with the California court, the Wyoming district court entered an order denying Father's motion to dismiss.

[¶ 7] In June 2003, Father submitted to the jurisdiction of the Wyoming court for the limited purpose of enforcing a joint stipulation entered into by the parties and filed in Wyoming. The stipulation provided for joint legal and physical custody with the parents sharing physical custody by transferring the child back and forth between Father in California and Mother in Wyoming every two months until he reached kindergarten age. The district court subsequently entered an order regarding paternity, custody and visitation which substantially adopted the terms of the stipulation. The parties shared custody of the child according to this arrangement for the next three years.

[¶ 8] In January of 2007, Mother filed a petition for modification of the order in which she sought primary custody on the ground that the child would be starting kindergarten in the fall and the shared custody arrangement would no longer be feasible. Father answered the petition and counterclaimed for primary custody. On July 10, 2007, the district court convened a trial on the custody issue.

[¶ 9] Following the trial, the district court issued a decision letter. Among its other factual findings, the court found:

— Mother was raised in and has primarily lived in Sheridan and has extended family, including her mother and two brothers, and friends in the area;

— Father was primarily raised in Brentwood, California and has extended family, including parents, siblings, nearly 70 cousins and another son in the area;

— Mother has worked as a cook at a bar and grill, served in the Wyoming National Guard, worked for MDU as a meter reader and is currently employed by the United States Post Office as a full time permanent employee working 7 a.m. to 3:30 p.m. Monday through Saturday;

— Father works for the family water well service business;

— Mother lives with another man who shares the responsibility of caring for the child;

— Father benefits from the support of his extended family for child care support;

— During the parties' relationship, Mother and her mother were involved in an altercation in which Mother was physically injured and alcohol abuse was involved;

— At some point, Mother went to California. She led Father to believe that she wanted to reconcile and was going to move to California. In California, the parties entered into a lease agreement for a residence, shopped for furniture and visited a lawyer. Mother signed a "judgment—uniform parentage" form which set forth the parties' joint custody and shared parenting plan and stipulated that California was the child's home state and they intended to become residents of California and attend counseling together;

— Mother admits she purposefully misled Father in order to get the child back to Wyoming. She admits she coerced Father to return to Sheridan under the guise of packing their belongings and moving to California, although she never intended to move to California;

— Upon arriving in Sheridan, Mother absconded with the child and hid from Father for nearly a month. Neither she nor her family would tell Father where the child was;

— Father returned to California after his attempts to find the child were unsuccessful.

[¶ 10] Based upon these and its other findings and the applicable law, the district court concluded that it was in the best interests of the child that primary custody be placed with Father, subject to reasonable visitation by Mother.

## STANDARD OF REVIEW

[¶ 11] In reviewing an order modifying custody we will not interfere with the trial court's decision absent a procedural error or a clear abuse of discretion. *Morris v. Morris*, 2007 WY 174, ¶ 5, 170 P.3d 86, 88 (Wyo.2007). The ultimate issue in determining whether there has been an abuse of discretion is whether the court reasonably could have concluded as it did. *Id.* In the context of alleged abuse of discretion, we in essence evaluate whether the evidence presented was sufficient to support the district court's decision. *Id.*

[¶ 12] The trial proceedings in this case were not recorded or transcribed. Although the parties did not request findings of fact pursuant to W.R.C.P. 52(a),[1] the district court's decision letter contains detailed findings. In the absence of anything to refute them, we will sustain the district court's findings and assume that the evidence presented was sufficient to support them. *Wilson v. Lucerne Canal and Power Co.*, 2003 WY 126, ¶ 8, 77 P.3d 412, 416 (Wyo.2003).

## DISCUSSION

[¶ 13] Mother contends the district court abused its discretion because the evidence was not sufficient to support the conclusion that awarding primary custody to Father was in the child's best interests. She asserts that neither the district court's decision letter nor its order applied the factors enumerated in Wyo. Stat. Ann. § 20-2-201(a)

---

1. W.R.C.P. 52(a) provides in pertinent part:

(a) *General and special findings by court.*— Upon the trial of questions of fact by the court, ..., it shall not be necessary for the court to state its findings, except generally for the plaintiff or defendant, unless one of the parties requests it before the introduction of any evidence, with the view of excepting to the decision of the court upon the questions of law involved in the trial, in which case the court shall state in writing its special findings of fact separately from its conclusions of law; provided, that without such request the court may make such special findings of fact and conclusions of law as it deems proper and if the same are preserved in the record either by stenographic report or by the court's written memorandum, the same may be considered on appeal.

(LexisNexis 2007) for determining the best interests of the child in a custody dispute. She also argues that the district court improperly based its decision on her past mistakes, and failed to take into account other significant factors, such as Father's absence from the child's life for nine months. She faults the district court for not explaining more fully its reasoning and for deciding in one sentence what is for her and the child a life-altering decision.

[¶ 14] Father asserts there was no abuse of discretion and the district court adequately stated its reasoning in its eight page decision letter. He argues the district court properly considered the factors enumerated in § 20–2–201(a), including "other factors [it] deem[ed] necessary and relevant." Father claims witness credibility was one such factor the district court properly considered.

[¶ 15] We begin our discussion by reiterating that neither party requested specific findings pursuant to W.R.C.P. 52(a).[2] We have said that a party who fails to request findings of fact prior to trial cannot complain later of the absence of formal findings, including the absence of findings addressing the factors enumerated in § 20–2–201(a). *Stonham v. Widiastuti*, 2003 WY 157, ¶ 21, 79 P.3d 1188, 1195–96 (Wyo.2003); *Resor v. Resor*, 987 P.2d 146, 148 (Wyo.1999). While we encourage district courts to spell out the reasons for their conclusions, they are not required to do so unless a Rule 52 request is made. *Stonham*, ¶ 16, 79 P.3d at 1193–94. Because she did not request specific findings, Mother cannot be heard to complain on appeal that the district court did not adequately address the statutory factors or more fully explain its reasoning for concluding that the child's best interests would be served by awarding primary custody to Father.

[¶ 16] We consider next Mother's contention that the evidence was not sufficient for the district court to reasonably conclude as it did. The district court found that both parties had extended family where they lived and that Father specifically benefited from their support with child care. The district court further found that sometime toward the end of the parties' relationship, Mother and her mother had an altercation that involved alcohol abuse and resulted in physical injury to Mother. The district court found, and apparently Mother admitted, that when she went to California she purposely misled Father as to her intentions and coerced him into returning to Sheridan for the purpose of absconding with the child. The district court found that, once back in Wyoming, Mother remained secreted with the child for a month during which time Father was unable to find them. Given the lack of any record of the trial proceedings, we assume there was evidence to support these findings.

[¶ 17] In addition to these findings, the district court emphasized that witness credibility and demeanor played an important role in its ruling. The district court found Father to be more credible than Mother based upon the evidence that Mother: toward the end of the relationship in 2003, arrived home apparently intoxicated and bleeding after an altercation with her mother; went to Minnesota to visit her brother, leaving Father to take the child to California; intentionally misled Father to believe she wanted to reconcile in order to take the child back to Wyoming; signed a legal form representing to the California legal system that she intended to reside in California when she had no intention of doing so; purposefully hid from Father after returning to Wyoming; and claimed that she was compelled to agree to the alternating two month arrangement in order to get Father to return the child to Wyoming when, in fact, she signed the agreement with the aid of counsel without asserting duress or any opposition to the agreement. We give considerable deference to a district court's findings concerning witness credibility because it is in the best position to assess the witnesses and weigh their testimony. *Humphrey v. Humphrey*, 2007 WY 72, ¶ 7, 157 P.3d 451, 453 (Wyo.2007). We conclude the

---

2.  Despite the absence of a request, the district court issued an eight page decision letter containing four pages of factual findings, two pages

of law, two paragraphs specifically addressing witness credibility and one page setting forth its ruling.

evidence was sufficient for the district court to reasonably conclude as it did.

[¶ 18] Addressing Mother's complaint that the district court did not apply the factors enumerated in § 20–2–201(a) in determining the child's best interests, we note that the court quoted the factors in its decision letter and so there is no question that it was aware of what it was statutorily required to consider in making a custody decision. Although the district court did not specifically state which of its findings of fact applied to which statutory factor, it is clear from its findings that the court considered the statutory factors. The court's findings concerning the proximity of extended family to each party, for example, reflect that it considered § 20–2–201(a)(ii), the ability of each parent to provide adequate care for the child including arranging for the child's care by others as needed. The court's findings concerning Mother's alcohol abuse, altercation with her mother, deceit in getting the child back to Wyoming and hiding the child from Father reflect that the court considered § 20–2–201(a)(iii), the relative competence and fitness of each parent. The court's findings concerning Mother's actions in California and when she and the child returned to Wyoming also reflect that the court considered § 2–2–201(a)(vii), the ability and willingness of each parent to allow the other to provide care without intrusion and to respect the other parent's rights. We find no support for Mother's claim that the district court did not consider the statutory factors.

[¶ 19] Mother's claim that the district court improperly based its decision on her past mistakes is also without merit. Section 20–2–201 required the district court to order the disposition that appeared in the best interests of the child. Mother's actions and behaviors were directly relevant to that determination. Given that the child was only five and a half years old at the time Mother filed her petition for modification and that all of the past mistakes the district court considered were made during the child's lifetime, it would have been improper for the district court not to consider them in determining the best interests of the child.

[¶ 20] Finally, the district court issued an eight page decision letter containing detailed findings of fact, a thorough discussion of the applicable law and a separate discussion of the importance witness credibility played in its decision. Although its ultimate ruling was set forth in one sentence, it is clear from the decision letter in its entirety that the district court carefully and thoughtfully considered the evidence, the law and the best interests of the child in awarding primary custody to Father. We find no abuse of discretion.

[¶ 21] Affirmed.