2009 WY 7

**Jill L. DURFEE, Appellant (Defendant/Petitioner),**

v.

**Christopher R. DURFEE, Appellee (Plaintiff/Respondent).**

No. S–08–0036.

Supreme Court of Wyoming.

Jan. 27, 2009.

Representing Appellant: Christopher M. Wages of Goddard, Wages & Vogel, Buffalo, Wyoming.

Representing Appellee: Mark L. Hughes of Hughes Law Office, Sundance, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   Jill Durfee (Mother) challenges the district court's order which denied her petition to modify the parties' divorce decree that awarded Christopher Durfee (Father) primary physical custody of their two children. The order also granted Father's petition to modify Mother's child support obligation and ordered Mother to pay half of Father's attorney fees and costs. We affirm.

## ISSUES

[¶ 2]   Mother presents the following issues:

1.   Whether the District Court erred when it denied Appellant's Petition for Modification of Child Custody and Child Support.

2.   Whether the District Court erred when it granted Appellee's Petition for Modification of Child Support.

3.   Whether the District Court erred when it awarded Appellee one-half of his attorney's fees and costs.

## FACTS

[¶ 3]   Father and Mother were married in September 2000. The marriage produced two sons, GD and BD. In May 2005, after the parties reached a settlement agreement concerning custody, support, and the division of the marital property, Father filed for divorce. The divorce decree was entered on July 21, 2005. Consistent with the parties' agreement, the divorce decree awarded Father primary physical custody of the children, subject to reasonable and liberal visitation by Mother, and ordered Mother to pay monthly child support.

[¶ 4]   After the divorce, Father's and Mother's lives underwent some changes. Father remarried and now lives with the children, his new wife, and her three children from a previous marriage in a four bedroom home in Upton, Wyoming. Mother also remarried and now lives in Belle Fourche, South Dakota, with her new husband and their eleven-month-old daughter.

[¶ 5]   On September 21, 2006, alleging materially changed circumstances, Mother filed a petition to modify the custody and child support provisions of the divorce decree, requesting primary custody of the children be given to her. On November 3, 2006, Father filed a petition to modify child support, requesting an increase in Mother's child support obligation. The district court conducted

a hearing on October 18 and December 12, 2007, during which it entertained testimony and other evidence from both parties. The district court ultimately denied Mother's petition, concluding that Mother failed to establish a material change in circumstances justifying a modification of the original custody order. The district court increased Mother's monthly child support obligation and ordered her to pay fifty percent of Father's attorney fees and costs. This appeal followed.

## DISCUSSION

### Custody Modification

[¶ 6] The party seeking to modify the child custody provisions of a divorce decree bears the burden of showing that a material change in circumstances has occurred subsequent to the entry of the decree. If that showing is made, then the party must also show that modification of custody would be in the best interests of the children. Wyo. Stat. Ann. § 20–2–204(c) (LexisNexis 2007); *Hayzlett v. Hayzlett*, 2007 WY 147, ¶ 9, 167 P.3d 639, 642 (Wyo.2007); *CLH v. MMJ*, 2006 WY 28, ¶ 8, 129 P.3d 874, 876 (Wyo.2006) (modification is a two step process). Findings regarding material change of circumstances are principally factual determinations to which we accord great deference. *Morris v. Morris*, 2007 WY 174, ¶ 7, 170 P.3d 86, 89 (Wyo.2007); *CLH*, ¶ 11, 129 P.3d at 877. This Court has consistently recognized the broad discretion enjoyed by a district court in child custody matters. We will not interfere with the district court's custody determination absent procedural error or a clear abuse of discretion. *CLH*, ¶ 6, 129 P.3d at 876; *Fergusson v. Fergusson*, 2002 WY 66, ¶ 9, 45 P.3d 641, 644 (Wyo.2002); *Semler v. Semler*, 924 P.2d 422, 423–24 (Wyo. 1996). In determining whether an abuse of discretion has occurred, our primary consideration is the reasonableness of the district court's decision in light of the evidence presented. *CLH*, ¶ 6, 129 P.3d at 876. We view the evidence in the light most favorable to the district court's determination, affording every favorable inference to the prevailing party and omitting from our consideration the conflicting evidence. *Id.; Selvey v. Sel-*

*vey*, 2004 WY 166, ¶ 15, 102 P.3d 210, 214 (Wyo.2004).

[¶ 7] Mother contends the district court erred in failing to find a material change of circumstances to support a modification of the custody arrangement. Mother succinctly sums up her contention in her appellate brief:

The totality of the trial testimony showed that there has been a substantial change of circumstances since the parties' divorce. [Mother] was depressed, broke, and had no place to live that was suitable for her children at the time of their divorce. [Mother] knew that she was emotionally and financially incapable of having primary custody of her children at that time, but made it known at the time of the parties' settlement agreement that if she got back on her feet, she wanted primary custody transferred to her. Now, [Mother] has surged far ahead in her personal development and ability to serve as a parent. She has remarried to Cole Steeves, and she is in a stable, loving relationship with him. They have one baby girl, [HS], who is 11½ months old. She moved to Belle Fourche, South Dakota, and lives in a large, nice, stable home. Her home has ample space and is more than suitable for her sons. She is financially sound and is a stay at home mother who has significant time to devote to raising [GD] and [BD].

[¶ 8] There are several flaws with Mother's argument. First, Mother's allegation that she and Father agreed to renegotiate custody after she "got back on her feet" is not supported by any admissible evidence produced at the hearing below. Second, although an improvement in the personal development of one parent may constitute a material change in circumstances, a change in custody is not automatic. *See Mentock v. Mentock*, 638 P.2d 156 (Wyo.1981) (change in circumstances must be material enough to outweigh society's interest in applying the doctrine of res judicata). *See also CLH*, 2006 WY 28, 129 P.3d 874; *Jackson v. Jackson*, 2004 WY 99, 96 P.3d 21 (Wyo.2004); *Roberts v. Vilos*, 776 P.2d 216 (Wyo.1989); *Kreuter v. Kreuter*, 728 P.2d 1129 (Wyo. 1986). Mother's evidence at the hearing es-

sentially showed she was in a stable relationship with her new husband and lived in a nice house. While Mother's situation is commendable, we agree with the district court that it is not material enough to warrant reopening the initial custody determination.

[¶ 9] Mother also contends circumstances have materially changed because Father's personal condition has deteriorated to the detriment of the children. Some of Mother's allegations against Father actually concern matters which existed at the time the initial divorce decree was entered. Mother's remaining allegations were contradicted by evidence presented at the hearing. Our review of the record satisfies us that none of Mother's allegations justify a finding of a material change in circumstances.[1]

### *Child Support and Attorney Fees*

[¶ 10] Mother makes the same argument for both these issues. Her argument is essentially that, if she were to prevail on the first issue, the results on these two issues should change in her favor. Because Mother did not prevail on the first issue, by her own presentation these issues are moot.

### CONCLUSION

[¶ 11] We find no abuse of discretion in the district court's determination that no material change in circumstances existed warranting modification of custody. Mother's other issues are moot. Affirmed.

---

1. Since we find no material change in circumstances, Mother's appellate argument concerning the best interests of the children is moot.