2010 WY 149

**Wendy WILLIS, f/k/a Wendy Davis, Appellant (Defendant),**

v.

**Chad DAVIS, Appellee (Plaintiff).**

**No. S–10–0066.**

Supreme Court of Wyoming.

Nov. 18, 2010.

Representing Appellant: Alex H. Sitz III of Meinecke & Sitz, LLC, Cody, Wyoming.

Representing Appellee: Matthew D. Winslow of Keegan & Winslow, P.C., Cody, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] Chad Davis (Father) and Wendy Willis f/k/a Wendy Davis (Mother) were divorced by decree awarding Father primary physical custody of the children and giving Mother liberal visitation. A year later, Father filed a motion for an order requiring Mother to show cause why she should not be held in contempt for violating provisions of the decree. Mother responded with her own motion for an order requiring Father to show cause why he should not be held in contempt for decree violations. In her motion, Mother also requested custody modification.

[¶ 2] After a hearing, the district court entered an order declining to hold either party in contempt and denying Mother's request for custody modification. Mother did not appeal from that order. Nine days later, Mother filed a motion to modify custody. Father moved to dismiss arguing that the motion was barred by the doctrine of res judicata because the district court had just heard and ruled on a request by Mother for custody modification. The district court granted the motion to dismiss. Mother appeals to this Court claiming res judicata did not apply and the dismissal of her custody modification motion violated her right to due process. We affirm.

## ISSUE

[¶ 3] Mother presents a single issue on appeal:

> Whether the district court erred when it applied the doctrine of res judicata to [her] Motion to Modify Custody.

## FACTS

[¶ 4] The parties were married on August 12, 2000. They had two children, the first in 2003 and the second in 2005. Father filed for divorce in 2007. The district court granted the divorce and awarded the parties joint legal custody of the children, Father primary physical custody and Mother liberal visitation. The district court's decision letter, which the decree incorporated, contained several provisions requiring Mother and Father to cooperate, keep each other informed about matters involving the children and refrain from acting in ways detrimental to the children's relationship with the other parent.

[¶ 5] In October of 2008, six weeks shy of a year from entry of the decree, Father filed a motion for an order requiring Mother to show cause why she should not be held in contempt of court for violating certain provisions of the decree. He alleged that in contravention of the decree Mother had been taking the children to a counselor without informing him and refused to disclose the nature of the counseling or authorize the counselor to discuss it with him. He also alleged Mother had made derogatory comments about him in the children's presence and made exchanges of the children difficult.

[¶ 6] In response, Mother denied Father's allegations and filed her own petition for an order requiring him to show cause why he should not be held in contempt for his alleged acts in contravention of the decree, including moving the children to a different daycare and refusing to disclose the name or location, changing the youngest child's preschool without consulting her in order to prevent her and her family from spending time there with the child, and interfering with communication between Mother and the children by taping their telephone conversations. Father denied Mother's allegations and, several months later, filed a supplement to his motion to show cause in which he alleged additional violations of the decree by Mother. Mother filed a response in which she denied the new allegations and asked for modification of custody.

[¶ 7] Five months later and almost a year after Father filed the original contempt motion, the district court held a hearing during which both parties presented evidence. Following the hearing, the district court issued a decision letter declining to find either party

in contempt but requiring the parties to attend a parenting workshop and begin counseling. The district court further found "that the facts before it do not support a material change of circumstances" warranting a change in custody. On October 14, 2009, the district court entered an order consistent with its decision letter. Mother did not appeal the district court's order.

[¶ 8] Nine days later, on October 23, 2009, Mother filed a motion to modify custody in which she alleged there had been a material change of circumstances "including but not limited to [Father] not properly communicating with [Mother] regarding the children, manipulation of the children by [Father], the actions of [Father's] live-in girlfriend unreasonably seeking a protection order against [Mother] to prevent her from going to the children's school and daycare facilities, the immoral behavior and lifestyle of [Father] continuing to reside unwed with another woman, and various other general health and welfare concerns of the children being in [Father's] custody." Father filed a motion to dismiss Mother's motion pursuant to W.R.C.P. 12(b)(1), asserting that the district court had just decided modification was not warranted in its October 14, 2009, order, Mother's motion did not allege any new facts warranting modification and the doctrine of res judicata barred her motion.

[¶ 9] Mother responded, asserting the parties were not on notice that the issue of custody modification would be fully adjudicated during the earlier contempt hearing, no evidence was presented concerning modification at the earlier hearing and her right to due process would be violated if the court dismissed her most recent motion for custody modification. She further contended the requirements for application of res judicata were not satisfied. After hearing arguments, the district court entered an order granting the motion to dismiss. Mother timely appealed the order of dismissal to this Court.

## STANDARD OF REVIEW

[¶ 10] Mother asserts the district court erred in dismissing her custody modification motion on the basis of res judicata. She further claims the dismissal violated her right to due process. The question of whether res judicata bars a claim is one of law. *Wyoming Med. Ctr., Inc. v. Wyoming Ins. Guar. Ass'n*, 2010 WY 21, ¶ 11, 225 P.3d 1061, 1064 (Wyo.2010). This Court reviews questions of law *de novo*. *Id.* The question of whether the constitutional right to due process has been violated is also one of law reviewed *de novo*. *Welch v. Welch*, 2003 WY 168, ¶ 5, 81 P.3d 937, 938 (Wyo.2003).

## DISCUSSION

[¶ 11] Mother contends the district court erred in dismissing her motion on the basis of res judicata when the four factors necessary for application of the doctrine were not satisfied. The doctrine of res judicata bars re-litigation of previously litigated causes of action or claims. *Wyoming Med. Ctr.*, ¶ 15, 225 P.3d at 1065 (citation omitted). Four factors must exist for res judicata to apply: 1) the parties must be identical; 2) the subject matter must be identical; 3) the issues must be identical and relate to the same subject matter; and 4) the capacities of the persons must be identical in reference to both the subject matter and the issues between them. *Id.* Mother asserts the last three factors were not satisfied because the only matter at issue at the contempt hearing was whether either party had violated the divorce decree. She contends the existence of a material change of circumstances warranting modification of custody was not at issue and was not addressed in the contempt hearing. She further argues the capacities of the parties were different at the contempt hearing than they would be at a custody modification hearing in that, in the first instance, they were each trying to show the other had violated the decree while, in the second instance, they would have been advocating for the children's best interests.

[¶ 12] As a general rule the doctrine of res judicata applies to divorce decrees. *Mentock v. Mentock*, 638 P.2d 156, 158 (Wyo. 1981). However, Wyoming law recognizes that custody modification is sometimes necessary. *Id.* Thus, a district court in this state that enters a custody order in a divorce proceeding has continuing subject matter ju-

risdiction to enforce or modify custody upon petition by either parent. Wyo. Stat. Ann. § 20–2–203(a) (LexisNexis 2009); Wyo. Stat. Ann. § 20–2–204(b) (LexisNexis 2009). The party seeking to modify custody bears the burden of establishing that a material change in circumstances has occurred since the entry of the previous custody determination and that the modification would be in the best interests of the children. Section 20–2–204(c).

[¶ 13] In *Aragon v. Aragon,* 2005 WY 5, 104 P.3d 756 (Wyo.2005), we considered a mother's claim that the father's petition for custody modification was barred by the doctrines of res judicata and collateral estoppel. There, the parties were divorced by decree entered in 2000. *Id.,* ¶ 3, 104 P.3d at 758. They returned to court six months later on Mother's motions to modify Father's child support and visitation and for an order holding Father in contempt. Father responded with a motion for an order holding Mother in contempt. The district court entered an order modifying child support and visitation. *Id.* Several months later, Father filed a motion for correction of the child support computation. Mother responded with another motion to have Father held in contempt. The district court entered an order granting Father's motion. *Id.* A month later, Father filed a motion for change of custody and support which the district court granted, finding that Father had shown a material change in circumstances and the change in custody was in the best interests of the children.

[¶ 14] Addressing Mother's contention that Father's change of custody motion was barred by res judicata and collateral estoppel, we stated:

> This court's established policy manifests a balance between the doctrine of finality of judgments and judicial economy supported by the doctrines of res judicata and collateral estoppel, on the one hand, and the applicable statutes providing for modification of the provisions of a divorce decree concerning child custody.... A court is charged with resolving that tension by determining if there has been a material change in circumstances warranting modi-

fication and that modification would be in the best interests of the children.

*Id.,* ¶ 9, 104 P.3d at 759. We held that the doctrine of res judicata did not bar Father's custody modification motion under the circumstances existing in that case. While concluding that the identity of the parties, the subject matter and the parties' capacities were identical throughout the proceedings, we concluded the issues addressed were not. The earlier proceedings addressed child support and visitation. The issue of custody was not expressly addressed until the last proceeding. *Id.,* ¶ 17, 104 P.3d at 761. We said: "Critically, the issue of custody modification was not formally raised for the district court's consideration from the time of entry of the initial decree of divorce until Father filed his [most recent] motion." *Id.* Because modification of custody had not been raised or addressed before then, we agreed that res judicata did not apply.

[¶ 15] The present case is distinguishable. In Mother's response to Father's supplement to motion for order to show cause, filed five months before the hearing, Mother prayed for an order requiring Father to show why he should not be held in contempt and *"for a modification of custody."* The record, therefore, is clear that Mother requested custody modification, thereby placing the matter at issue. The record is also clear that the district court considered Mother's custody modification request to be at issue during the contempt proceedings. In its decision letter after the hearing, under the subheading "**Modification**", the district court stated:

> During the hearing, [Mother] argued a material change in circumstance has occurred thus allowing for a modification of the visitation and custody established in this matter in the ... Decree of Divorce. The party seeking to modify child custody bears the burden of establishing that a material change in circumstances has occurred since the entry of the previous custody determination. If that showing is made, then the party must also show that modification of custody would be in the best interests of the children. Wyo. Stat. Ann. § 20–2–204(c) (LexisNexis 2009);

*Hayzlett v. Hayzlett,* 2007 WY 147, ¶ 9, 167 P.3d 639, 642 (Wyo.2007); *CLH v. MMJ,* 2006 WY 28, ¶ 8, 129 P.3d 874, 876 (Wyo. 2006) (modification is a two step process). In determining whether a material change [of circumstance] has occurred, the Court must evaluate the current circumstances of the parties in relation to their circumstances at the time the prior custody order was entered. *In re TLJ,* 2006 WY 28, ¶ 10, 129 P.3d 874, 877 (Wyo.2006). The Court does not find the facts before it to support a material change of circumstance. Given Mother's request for custody modification and the district court's ruling on her request, there is no question the matter was raised and decided. To warrant another hearing on the issue, Mother had to allege that a material change in circumstances occurred after the entry of the October 14, 2009, order.

[¶ 16] Mother's October 23, 2009, motion does not specifically make that allegation. Rather, it appears to allege a material change of circumstances since the entry of the divorce decree. Although the allegations Mother made against Father in the more recent motion (his girlfriend sought a protective order to keep Mother from visiting the children's daycare and preschool and his lifestyle was immoral) were different from those she presented in her earlier motions (Father changed daycares and preschools without consulting her and recorded her phone conversations with the children), there is nothing in the record indicating these were new allegations that arose after the district court's October 14, 2009, ruling.

[¶ 17] Because the record submitted to this Court does not include a hearing transcript or another statement of the evidence presented at the hearing, we have no way of knowing what allegations and evidence Mother presented against Father in support of her initial custody modification request. W.R.A.P. 2.05 provides in pertinent part:

Concurrently with filing the notice of appeal, appellant must order and . . . make arrangements . . . for the payment for a transcript of the portions of the evidence deemed necessary for the appeal. . . . A certificate of compliance with this rule shall be endorsed upon or filed with the notice of appeal. If appellant does not intend to order a transcript, the certificate of compliance shall include a statement indicating whether appellant intends to procure a statement of evidence pursuant to Rule 3.03 or an agreed statement pursuant to Rule 3.08.

W.R.A.P. 3.03 provides:

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be filed and served on appellee within 35 days of the filing of the notice of appeal. Appellee may file and serve objections or propose amendments within 15 days after service. The trial court shall, within 10 days, enter its order settling and approving the statement of evidence, which shall be included by the clerk of the trial court in the record on appeal.

W.R.A.P. 3.08 provides:

(a) In lieu of designations of the record, the parties may prepare and sign a statement of the case showing how the questions arose and were decided in the trial court, and may set forth those facts averred and proved, or sought to be proved, which are essential for review.

(b) . . . . The statement shall be filed with the trial court within 45 days of filing the notice of appeal. The trial court shall, within 15 days, enter its order adopting the statement, or promptly set it for hearing to resolve any disputes. The order and statement shall be included by the clerk of the trial court in the record on appeal.

[¶ 18] Mother's notice of appeal included the following:

### CERTIFICATION OF ORDERING TRANSCRIPTS

No report of the evidence was made for the underlying Order to Show Cause hearing held on September 8, 2009. Appellant will attempt to procure an agreed upon statement pursuant to Rule 3.08, however

if one cannot be agreed upon then counsel [will] submit a Statement of the Evidence pursuant to W.R.A.P 3.03. Furthermore, the proceedings related to the Motion to Dismiss held on December 1, 2009, were reported and concurrently with the filing of this notice arrangements will be made to procure the transcript of that proceeding.

[¶ 19] Despite the certification indicating that either a Rule 3.08 agreed statement or Rule 3.03 statement of evidence would be submitted to this Court, no such statement appears in the record. Mother, as the appellant, had the burden to submit a sufficient record from which this Court could decide the issues presented. *Erhart v. Evans*, 2001 WY 79, ¶ 18, 30 P.3d 542, 547 (Wyo.2001). Without a transcript of the hearing or other statement of evidence, this Court will accept the district court's finding and conclusion that the issues Mother presented in her October 23, 2009, motion were identical to those heard at the earlier hearing and decided by the October 14, 2009, order.

[¶ 20] Mother maintains the dismissal of her October 23, 2009, custody modification motion denied her due process because she did not have an adequate opportunity in the earlier hearing to present evidence and argument supporting her request for modification of custody. Any contention that Mother was denied due process in the earlier hearing properly should have been presented to this Court by way of appeal from the October 14, 2009, order. Mother did not appeal from that order.

[¶ 21] Affirmed.