# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 51

APRIL TERM, A.D. 2021

*April 14, 2021*

LES E. MOTYLEWSKI,

**Appellant**
**(Defendant),**

**v.**

S-20-0185

KATHERINE M. MOTYLEWSKI,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellant:*
Donna D. Domonkos of Domonkos Law Office, Cheyenne, Wyoming

*Representing Appellee:*
Caleb C. Wilkins of Patton & Davison, Cheyenne, Wyoming

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, **Chief Justice**.

[¶1]    In response to a petition to revive a judgment against him, Les Motylewski asserted a claim for recoupment.  The district court found that Mr. Motylewski had an opportunity to fully litigate that claim in a prior proceeding and that it was therefore barred by res judicata.  We affirm.

## ISSUES

[¶2]    Mr. Motylewski presents a single issue on appeal, which we rephrase as follows:

> Did the district court err in ruling that res judicata barred Mr. Motylewski's claim for recoupment?

## FACTS

[¶3]    Les and Katherine Motylewski divorced in February of 2006.  Under the stipulated divorce decree, Mr. Motylewski was awarded the marital home and Ms. Motylewski was ordered to execute a waiver of homestead.  Ms. Motylewski's interest in the marital home was to constitute a lien on the real property until such time as Mr. Motylewski made the cash payment the decree ordered.  The cash payment provision required:

> [Mr. Motylewski] shall pay to [Ms. Motylewski] a cash payment of Twenty-Three Thousand Dollars ($23,000) no later than sixty (60) days from the date this decree is entered, and that [Ms. Motylewski] is hereby awarded judgment for said $23,000.

[¶4]    The decree allowed Ms. Motylewski to reside in the marital home without interference for sixty days from the date it was entered.  After sixty days, she was to deliver the marital home to Mr. Motylewski with all major appliances, including the washer and dryer.

[¶5]    Approximately three months after entry of the decree, Ms. Motylewski filed a motion for order to show cause asking that Mr. Motylewski be held in contempt for failing to pay her the $23,000.  He filed a competing motion on June 29, 2006, alleging that he had not paid the amount due under the decree because she had trashed the marital home.  He argued that he had to expend funds to return it to a semi-livable condition, and that the major appliances had not been left in the home as required.  He requested that Ms. Motylewski be held in contempt and sanctioned.  He further requested that the decree be modified to eliminate his obligation to pay the $23,000, or that he be given credit for the amounts he expended to repair the home.

1

[¶6]   The district court heard the contempt motions on July 6, 2006, when both parties appeared in person with their respective attorneys.  On August 4, 2006, the district court entered an order denying the motions, stating only that "both parties' Motion [sic] for Order to Show Cause are hereby denied."  Mr. Motylewski did not appeal that order.

[¶7]   In 2011, Ms. Motylewski filed for bankruptcy, and the bankruptcy court trustee demanded that Mr. Motylewski pay the $23,000 judgment.  That demand did not induce him to pay.

[¶8]   In 2014, Mr. Motylewski filed a separate action in the district court, Docket No. 182-463.  The complaint contained three causes of action: (1) equitable offset; (2) quiet title; and (3) declaratory judgment, and it also sought a declaration that the $23,000 judgment no longer operated as a lien against the marital home.  It also sought a reasonable offset for Ms. Motylewski's failure to return the home in a habitable condition with all appliances.  Ms. Motylewski filed a counterclaim seeking to enforce the $23,000 judgment.

[¶9]   On March 21, 2017, the district court dismissed Mr. Motylewski's complaint for failure to state a claim.  On April 14, 2017, in that same action, Mr. Motylewski filed a request to set aside the $23,000 judgment on equitable grounds.  On December 7, 2018, the court denied that motion and dismissed Ms. Motylewski's counterclaim, holding that she should have sought revival of the judgment in the underlying divorce action.  Mr. Motylewski did not appeal the dismissal of his complaint.

[¶10] On January 14, 2020, Ms. Motylewski filed a petition to revive the $23,000 judgment.  The district court ordered Mr. Motylewski to appear and show cause why the judgment should not be revived, and following a hearing, it ordered the parties to brief their claims, including whether res judicata barred the recoupment claim.  On June 24, 2020, the court granted Ms. Motylewski's petition to revive the judgment.  It rejected Mr. Motylewski's equitable defenses, found that res judicata barred his recoupment claim, and held that he had failed to show that the judgment should not be revived.  Mr. Motylewski timely appealed.

## STANDARD OF REVIEW

[¶11]  Mr. Motylewski asserts the district court erred in ruling that res judicata barred his claim for recoupment.  The question of whether res judicata bars a claim is one of law, which we review de novo. *Womack v. Swan*, 2018 WY 27, ¶ 17, 413 P.3d 127, 135 (Wyo. 2018); *Willis v. Davis*, 2010 WY 149, ¶ 10, 243 P.3d 568, 570 (Wyo. 2010).  We review a district court's findings of fact for clear error. *Osborn v. Kilts*, 2006 WY 142, ¶ 6, 145 P.3d 1264, 1266 (Wyo. 2006) (citing *Baker v. Pike*, 2002 WY 34, ¶ 9, 41 P.3d 537, 541 (Wyo. 2002)).

**DISCUSSION**

[¶12]   Res judicata bars litigation of issues that were or could have been determined in a prior proceeding.  *Tozzi v. Moffett*, 2018 WY 133, ¶ 16, 430 P.3d 754, 760 (Wyo. 2018). "[It] generally prevents parties from presenting the same claim in subsequent actions once that claim has been adjudicated."  *Rigdon v. Rigdon*, 2018 WY 78, ¶ 12, 421 P.3d 1069, 1073 (Wyo. 2018).  We examine four factors to determine if res judicata bars a claim: (1) is there identity of parties; (2) is there identity of subject matter; (3) are the issues the same and do they relate to the subject matter; and (4) are the capacities of the persons identical in reference to both the subject matter and the issues between them.  *Rigdon*, ¶ 13, 421 P.3d at 1073.

[¶13]   The district court found that Mr. Motylewski raised the same claim for recoupment in the 2006 contempt proceedings and continued to raise it in subsequent proceedings.  It concluded (record citations omitted):

> In 2006, after Defendant failed to pay the $23,000.00 judgment, the parties filed cross motions for contempt of court. In Defendant's motion, he specifically raised his claim for offset.  A hearing on the motions was on July 6, 2006. Unfortunately, a transcript is not available.  Defendant claims the court advised the parties to reach an agreement on their own.  Defendant states that based on the "agreement" he no longer believed he owed the judgment.  There is nothing in Docket No. 164-909 that demonstrates the court's oral representations.  Rather, the only document related to the cross motions for contempt is the court's order denying both motions.  Because the court denied Defendant's motion for contempt and request for an offset in 2006, Defendant's claim for recoupment is barred by *res judicata*.

[¶14]   Mr. Motylewski contends that the district court erred because the issues and subject matter in the 2006 contempt proceeding differed from his recoupment defense in the revival action.  He argues that his recoupment claim is a defense that arises out of Ms. Motylewski's claim for revival, and that in the contempt action he was asserting a possible sanction but not raising a recoupment defense.  He further argues that the record contains no evidence that his recoupment claim was fully adjudicated on the merits.  His arguments find no support in our precedent.

[¶15]   In *Breen v. Black*, 2015 WY 96, ¶ 3, 353 P.3d 725, 727 (Wyo. 2015), a divorce decree required Breen and Black to share in certain of their children's medical costs.  When Breen filed a motion to compel Black's performance, Black asserted that Breen owed him more in medical costs than she was claiming to be owed.  *Id.* ¶ 5, 353 P.3d at 727.  Black

did not prove his defense, and he ultimately agreed to pay the entire amount claimed by Breen. *Id.* ¶ 6, 353 P.3d at 727. When the district court granted Breen the relief she requested, Black did not appeal, and instead he filed a motion over a year later to hold Breen in contempt for failing to pay her share of the same expenses Black asserted in the prior proceeding. *Id.* ¶ 8, 353 P.3d at 728. We held that res judicata barred his claim.

> Although he was in the position of responding to Breen's efforts to hold him in contempt, we see no reason why Black could not have proven his setoff or claim he pled in 2012, nor why he should be allowed a second bite at the apple. This Court has long abided by the rule that a party should not be permitted to subsequently litigate facts which he could have raised but failed to raise or prove in a prior action that concerned the same subject matter. That rule protects the opposing party from having to expend excessive time and money in defending against an alleged liability in several proceedings rather than in one, and it carries the systemic benefit of avoiding unnecessary and unduly prolonged litigation. *Davis v. Davis*, 56 Wyo. 524, 534-35, 111 P.2d 124, 127 (Wyo. 1941). We can think of few places where such limitations can provide more benefit to courts, litigants, and the litigants' children than in post-divorce proceedings.

*Id.* ¶ 19, 353 P.3d at 729.

[¶16] We adhered to that same principal in *Golden v. Guion*, 2016 WY 54, ¶¶ 18-31, 375 P.3d 719, 724-27 (Wyo. 2016), when Golden repeatedly attempted to excuse her performance under the divorce decree based on Guion's alleged damage to her personal property. We found that Golden's property damage claim was the subject of an earlier contempt proceeding and that therefore res judicata barred any subsequent claims to make an adjustment on that basis. *Id.* ¶ 31, 375 P.3d at 726-27. We acknowledged that while we understood that Golden strongly disagreed with the district court's handling of the personal property issue, she had had her day in court on it, and "our law does not allow litigants multiple opportunities to present the same argument and issues to the court hoping for a different resolution." *Id.*

[¶17] In Mr. Motylewski's 2006 contempt motion, he requested that the district court (emphasis added):

> 1. Issue an Order to Show Cause to the Plaintiff as to why she should not be held in contempt of the Divorce Decree; and at hearing, thereof, hold her in contempt and sanction her, accordingly; **and,**

4

2. Modify the Decree of Divorce to eliminate the obligation of the Defendant to pay any money to the Plaintiff, or to give him credit against what amounts are necessary to repair the residence to the condition it was at the time the Plaintiff, et al., moved in . . . .

[¶18]  In substance, Mr. Motylewski's request for recoupment was the same as his 2006 request for elimination or reduction of the judgment against him.  As in *Breen* and *Golden*, in whatever fashion the claims were framed, they sought the same relief.

[¶19]  We also disagree with Mr. Motylewski that because the record contains no transcript of the 2006 proceedings, it is insufficient to support a finding that his claim was fully litigated on the merits.  While the record does not tell us what happened during the 2006 hearing, it does tell us that he raised the claim and thus had an opportunity to litigate it. Moreover, he did not appeal the 2006 ruling.  *See generally CLS v. CLJ*, 693 P.2d 774, 776-77 (Wyo. 1985) ("It is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law.") (citation omitted).

[¶20]  We understand this may be a harsh result, since the record contains evidence of damage to the property.  However, any forfeiture of Mr. Motylewski's recoupment claim could have easily been avoided by the exercise of ordinary diligence.  He could have filed the agreement he alleged the court ordered or instituted proceedings to enforce what he understood the court's order to be.  *See Breen*, ¶ 20, 353 P.3d at 730 ("[F]orfeiture of the right to recover the disputed amounts could easily have been avoided by the exercise of ordinary diligence in the prior proceeding.").  We therefore conclude that the district court correctly found that Mr. Motylewski's claim is barred by res judicata.

[¶21]  Affirmed.