# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 7

OCTOBER TERM, A.D. 2025

January 14, 2026

JENNIFER DAVIS n/k/a JENNIFER
REHMEIER,

Appellant
(Petitioner),

v.

S-25-0205

TYRELL PANASUK,

Appellee
(Respondent).

*Appeal from the District Court of Converse County*
*The Honorable F. Scott Peasley, Judge*

*Representing Appellant:*
Jennifer Rehmeier, pro se.

*Representing Appellee:*
Tyrell Panasuk, pro se.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    After the district court awarded child support from Father to Mother retroactive to February 2024, Mother filed a petition seeking additional retroactive child support from June 2023 to February 2024. The district court denied Mother's petition, concluding it was barred by the doctrine of res judicata. We affirm.

### ISSUES

[¶2]    Mother raises two issues, which we rephrase:

1.    Did the district court err when it applied the doctrine of res judicata to Mother's petition for back child support?

2.    Does equity require reversal of the district court's order denying Mother's petition for back child support?

### FACTS

[¶3]    While the record is sparse and provides limited information, we can determine the following facts are undisputed. Mother and Father have two minor children together. At some point, Father was required to pay child support. In June 2022, Mother moved to Missouri, Father took custody of the children, and Father's child support obligation was suspended beginning June 1, 2022. Father retained custody until June 2023, when Mother regained custody of the children. Eventually, the State filed a motion to reinstate Father's child support retroactive to February 2024. In April 2024, the district court entered an order (the April 2024 order) reinstating Father's support obligation retroactive to February 2024. Mother did not appeal that order.

[¶4]    In November 2024, Mother filed a petition seeking back child support from June 2023 (when she regained custody) to February 2024 (when Father's child support obligation resumed under the April 2024 order). The district court denied the motion and Mother appealed pro se.

### DISCUSSION

**I.    Did the district court err when it applied the doctrine of res judicata to Mother's petition for back child support?**

[¶5]    The district court concluded Mother's claim for back child support was barred by the doctrine of res judicata, as Father's retroactive child support was addressed in the April 2024 order. Mother contends the district court misapplied principles of res judicata because there was no prior adjudication of back child support for the June 2023 through

1

February 2024 period.  Whether res judicata bars a claim is a question of law, which we review de novo.  *Willis v. Davis*, 2010 WY 149, ¶ 10, 243 P.3d 568, 570 (Wyo. 2010).

[¶6]    "Res judicata bars litigation of issues that were or could have been determined in a prior proceeding."  *Taulo-Millar v. Hognason*, 2022 WY 8, ¶ 45, 501 P.3d 1274, 1287 (Wyo. 2022) (quoting *Motylewski v. Motylewski*, 2021 WY 51, ¶ 12, 484 P.3d 560, 562 (Wyo. 2021)).

> We examine four factors to determine if res judicata bars a claim: (1) is there identity of parties; (2) is there identity of subject matter; (3) are the issues the same and do they relate to the subject matter; and (4) are the capacities of the persons identical in reference to both the subject matter and the issues between them.

*Id.* (quoting *Motylewski*, ¶ 12, 484 P.3d at 562 (quoting *Rigdon v. Rigdon*, 2018 WY 78, ¶ 13, 421 P.3d 1069, 1073 (Wyo. 2018))).

[¶7]    The parties do not dispute that the first, second, and fourth factors are satisfied, as the parties, subject matter, and capacities of the parties in the April 2024 order are the same as those in Mother's subsequent petition for retroactive child support.  The parties disagree on establishment of the third factor, whether the issues are the same.  Mother contends that the issues are distinct because there has been no prior adjudication of back child support for June 2023 through February 2024.  Father asserts that the issue in both actions is the same—retroactive child support for the period after Mother regained custody in June 2023.

[¶8]    The April 2024 order was a final order continuing Father's child support obligation.  As previously pointed out, it addressed retroactive child support and awarded back child support to February 1, 2024.  Mother attempts to revisit the issue seeking retroactive child support for periods of time prior to the entry of the April 2024 order—a claim that could have been, and therefore should have been, resolved in the prior proceeding or in an appeal from the April 2024 order.  *See Motylewski*, ¶ 19, 484 P.3d at 563 ("It is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law." (quoting *CLS v. CLJ*, 693 P.2d 774, 777 (Wyo. 1985))).  Mother was required either to raise all claims for retroactive child support in the prior proceeding or to appeal the April 2024 order.  Having done neither, she may not now relitigate the commencement date.  The district court correctly concluded that res judicata bars Mother's claim here.[1]

---

[1] A party may overcome the application of res judicata if she can show good cause why the issue was not raised in the earlier proceeding.  *Bernard v. State*, 2025 WY 66, ¶ 13, 570 P.3d 416, 420 (Wyo. 2025); *see also Ferguson v. State*, 2013 WY 117, ¶ 11, 309 P.3d 831, 834 (Wyo. 2013) ("If a party fails to show good

***II.*** ***Does equity require reversal of the district court's order denying Mother's petition for back child support?***

[¶9]     Mother next contends that equity supports an award of back child support from June 2023 to February 2024. Mother did not raise this argument in the district court, and we decline to consider it here. *See Yates v. Yates*, 2003 WY 161, ¶ 15, 81 P.3d 184, 189 (Wyo. 2003) ("[W]e will not consider issues that were not 'raised below in any meaningful manner.'" (emphasis omitted) (quoting *Beaugureau v. State*, 2002 WY 160, ¶ 11, 56 P.3d 626, 631 (Wyo.2002))); *see also Parker v. Cook*, 2022 WY 3, ¶ 13, 501 P.3d 1253, 1256 (Wyo. 2022) ("We normally do not consider issues not raised or argued in the district court, except for those issues which are jurisdictional or are fundamental in nature." (quoting *Rush v. Golkowski*, 2021 WY 27, ¶ 35, 480 P.3d 1174, 1182 (Wyo. 2021))); *Crofts v. State ex rel. Dep't of Game & Fish*, 2016 WY 4, ¶ 19, 367 P.3d 619, 624 (Wyo. 2016) ("This court has taken a dim view of a litigant trying a case on one theory and appealing it on another. . . . Parties are bound by the theories they advanced below." (quoting *Davis v. City of Cheyenne*, 2004 WY 43, ¶ 26, 88 P.3d 481, 490 (Wyo. 2004))).

## *CONCLUSION*

[¶10]   The district court properly concluded the doctrine of res judicata barred Mother's petition for back child support. We affirm.

---

cause why an issue was not raised at an earlier opportunity, the Court may decline to consider the issue." (citing *Hamill v. State*, 948 P.2d 1356, 1358 (Wyo. 1997))). Mother has not presented argument or facts demonstrating good cause for not raising retroactive support from June 2023 through February 2024 in the earlier proceeding or in a direct appeal. We note that Mother attached several documents to her notice of appeal, which could arguably be relevant to good cause. Mother does not rely on them to support good cause but invokes them in support of her second issue where she argues equity. Those documents are not properly before the Court. Mother did not designate a record on appeal, as required by W.R.A.P. 3.05(b). Accordingly, we do not consider Mother's attached documents and have no record upon which to evaluate good cause.